REICHSTATTER & HANNA v. W. L. HALL AND PADGITT BROS.

(No. 2847.)

APPEAL from Dallas County. Opinion by WHITE, P. J.

*(Transferred from Austin.)*

SHEPARD & MILLER, counsel for appellants.

WRIGHT & WRIGHT, counsel for appellees.

§ **416.** *Failure of consideration of a note; liability of payee in, to maker of; case stated.* One Maxwell was indebted to Padgitt Bros. $385.65. Padgitt Bros. agreed that if appellants would sign Maxwell's note for said indebtedness, said note to be made payable when convenient, they, Padgitt Bros., would sell Maxwell more goods. Said note was executed by Maxwell, and signed also by

appellants, and made payable to Padgitt Bros. eight months after date. Said note was received by Padgitt Bros., but they wrote to appellants that it was not satisfactory, as the payment thereof was deferred for too long a time, but that they would be satisfied with a note payable ninety days from date. Appellants declined to execute another note and demanded of Padgitt Bros. the return of the note they had executed, but Padgitt Bros. had sold and delivered said note to appellee Hall and could not return it. Padgitt Bros. did not let Maxwell have any goods in consideration of said note. Hall, who had purchased said note, instituted this suit thereon against the makers, and against Padgitt Bros., the indorsers thereof. Appellants pleaded and proved the facts as above stated, and prayed for judgment over against Padgitt Bros. in case Hall recovered against appellants. Judgment was rendered in favor of Hall against all the defendants for the amount of said note and costs; in favor of Reichstatter & Hanna against Maxwell for the same amount; and in favor of Padgitt Bros. against all the makers of said note for the same amount. *Held:* In so far as appellants are concerned, the consideration of said note had failed, and they were not bound upon said note to Padgitt Bros. after the latter had declined to accept it and the former had demanded its return to them. It then became their property, and was no longer the property of Padgitt Bros. But the latter having transferred it before maturity, appellants were bound upon it to Hall, he being an innocent purchaser thereof for value, without notice of any defense thereto. The proposition is elementary that, when the consideration for which a note sued on was given has wholly failed, there can be no recovery had on it; but if the note has been transferred to a third party for value, before maturity, and without notice to him of the failure of consideration, the maker of such note is liable thereon, but is entitled to judgment over against the payee for the amount thereof. In this case appellants

were entitled to a judgment over against Padgitt Bros. for the amount of said note and costs.

December 5, 1888.          Reversed and remanded.